IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| E'DRICK BROWN,<br><br>       Petitioner,<br><br>  vs.<br><br>JAMES WALKER, Warden, California State Prison, Sacramento,<br><br>       Respondent. | Case No. 2:08-cv-01401 (JKS)<br><br>ORDER |

   Petitioner, E'Drick Brown, a state petitioner proceeding *pro se*, has filed a MOTION for RELIEF from JUDGMENT PURSUANT to CIVIL PROCEDURE RULE 60(b)(1)6). Brown alleges that he timely filed a notice of appeal with the Eastern District of California and the Court of Appeals, and he is asking this Court to relieve him of the dismissal of his right to appeal and reinstate his appeal.

   On June 16, 2008, Brown filed a petition for habeas corpus which this Court denied in a reasoned, memorandum decision, filed on May 19, 2010. In that decision, this Court also declined to issue a Certificate of Appealability ("COA") and advised Brown that Brown must address any request for a COA to the Court of Appeals. Brown contends that on July 1, 2010, he filed a Notice of Appeal and a Request for a COA with this Court, however, this document was never received by the Clerk's Office or docketed. On July 13, 2010, Brown filed a Motion for Extension of Time to file a COA, which this Court received. Apparently in error, this motion was treated as a Notice of Appeal and was forwarded to the Court of Appeals who opened a case

1

pending the grant of a COA.[1]  On August 5, 2010, the Clerk's Office in the Eastern District of California discovered the error and issued a correction, noting that the document filed on July 13, 2010, was not a Notice of Appeal, but rather was a Motion for Enlargement of Time.  Since neither this Court, nor the Court of Appeals had received a timely Notice of Appeal or a request for a COA, Brown's opportunity to appeal this Court's denial of his petition for habeas corpus lapsed.

Central to this matter is that this Court never received a timely Notice of Appeal and Request for Certificate of Appealability.  As noted above, Brown asserts that he did, in fact, mail a Notice of Appeal and a Request for Certificate of Appealability on July 1, 2010, but that it was lost in the mail.  In support of this contention, Brown has submitted two different signed statements from employees of the California Department of Corrections documenting problems with the mail room at the California State Prison–Sacramento during the period when he tried to mail his notice of appeal and request for COA.  The declaration of L. Young states that during the summer of 2010 the mail room was not sending out prisoner mail in a timely manner.[2]  The declaration of D. Higginbotham states that the mail room was having problems and that some mail that was properly logged and stamped was not sent out.[3]  Brown has also attached a copy of the Notice of Appeal and Request for Certificate of Appealability which he says he mailed on July 1, 2010.[4]

Under Federal Rules of Appellate Procedure 4(a)(5)(A)(i) this Court may extend the time to file a notice of appeal if a "party so moves no later than 30 days after the time prescribed . . . expires[,]" which in this case was 30 days after the memorandum decision.  Given the liberal

---

[1] Since all requests concerning a COA were to be directed to the Court of Appeals, this Court forwarded Brown's Motion for Extension of Time to file a COA to the Court of Appeals rather than simply reject it out of hand.

[2] *See* Docket No. 41, pp. 33-35.

[3] *See* Docket No. 41, pp. 37-39.

[4] *See* Docket No. 41, p. 17.

pleading standards that apply to pro se litigants, Brown's good faith effort to comply with all applicable deadlines, and the significant problems with the mail room in Brown's facility, this Court will construe the motion filed on July 13, 2010, as a timely Motion to Extend the Time to File a Notice of Appeal and Request a COA.[5] This Court will grant the motion and allow Brown 14 days to file a notice of appeal and a request for a COA with the Court of Appeals.[6]

**IT IS HEREBY ORDERED THAT** Brown's motion filed at Docket No. 37 on July 13, 2010, is **GRANTED**. Brown must file a notice of appeal and request for a Certificate of Appealability no later than February 4, 2011.

**IT IS FURTHER ORDERED THAT** Brown shall file his notice of appeal and request for a Certificate of Appealability in the Court of Appeals, not the Eastern District of California.

Dated: January 21, 2011

/s/ James K. Singleton, Jr.
**JAMES K. SINGLETON, JR.**
United States District Judge

---

[5] This motion is timely because it was filed within 30 days of the expiration of the 30 days allotted to file a notice of appeal.

[6] *See* Federal Rule of Appellate Procedure 4(a)(6) ("No extension under this Rule 4(a)(5) may exceed 30 days after the prescribed time or 14 days after the date when the order granting the motion is entered, whichever is later.